Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

Attorneys for Plaintiff
Syndio Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Syndio Solutions, Inc.,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Twitter, Inc. and X Corp., Inc.,<br><br>　　　　　Defendants. | Case No.: 3:24-cv-2316<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Syndio Solutions, Inc. ("Syndio") asserts the following claims against Defendants Twitter, Inc. and X Corp., Inc. ("Twitter," "X," or "Defendants").

**<u>NATURE OF ACTION</u>**

1.	This is an action for breach of contract arising out of Twitter's failure to pay Syndio's invoices after Elon Musk purchased Twitter in a leveraged buyout in late October 2022.

**<u>JURISDICTION AND VENUE</u>**

1.	Plaintiff is a corporation organized under the laws of Delaware with its principal place of business in Seattle, Washington.

2.	Defendant Twitter, Inc. is or was a corporation incorporated under the laws of Delaware, with its principal place of business in San Francisco, California.

3.	Defendant X Corp., Inc. is a corporation incorporated under the laws of Nevada, with its principal place of business in San Francisco, California. Upon information and belief, X Corp.,

1

COMPLAINT

Inc. is the successor in interest to Twitter, Inc. and Twitter was merged into X Corp. in 2023.

4. The amount in controversy exceeds $75,000 exclusive of fees and costs. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

5. Twitter is subject to personal jurisdiction in this Judicial District because its principal place of business is within this District and State and because it consented to personal jurisdiction in this District in "[a]ny claim arising out of or in connection with" the October 29, 2021 Master Cloud Services Agreement that gives rise to this lawsuit (the "MSA").

6. X is subject to personal jurisdiction in this Judicial District because its principal place of business is within this District and State and because it is the successor in interest of Twitter, who consented to personal jurisdiction in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district and because Plaintiff and Defendants consented to venue in this District in "[a]ny claim arising out of or in connection with" the MSA.

**DIVISIONAL ASSIGNMENT**

8. A substantial part of the events and omissions that gave rise to the claims in the Complaint—the breach of contract, failure to pay on an account stated, and failure to pay on an open book account—occurred in San Francisco county, and accordingly assignment to the San Francisco Division is warranted.

**THE PARTIES**

9. Plaintiff Syndio Solutions, Inc. ("Syndio") is company that provides software solutions that identify compensation inequities and help companies close pay gaps, comply with pay equity regulations, and build trust with their employees.

10. Twitter, Inc. ("Twitter") is a social media company based in San Francisco, California.

11. On information and belief, Defendant X Corp., Inc. is Twitter's successor in interest and now operates the Twitter social media app and website.

**COMMON FACTUAL ALLEGATIONS**

**A.  2021-2022: The Early Syndio-Twitter Relationship**

12.     In 2021, Twitter contracted with Syndio to use Syndio's PayEQ and PayFinder software. PayEQ allows customers to analyze pay equity and identify underlying root causes of pay disparities. PayFinder allows customers to set starting pay that is both at market and maintains underlying pay equity. Syndio provided these software services, along with support services, and Twitter paid its first annual invoice, which Syndio submitted in November 2021. Twitter received a discount in year one of the contract by agreeing to a three-year subscription of PayEQ and PayFinder.

13.     An October 29, 2021, Master Cloud Services Agreement between Syndio and Twitter (the "MSA") sets out the agreement under which Syndio provides its software to X. The MSA specifies that its terms and conditions are confidential, and so Syndio does not attach the MSA as an exhibit to the complaint at this time.

14.     During the time Syndio has provided its software to Twitter, now known as X, Twitter and X have never complained about Syndio's services or disputed an invoice.

**B.  2022: Elon Musk Purchases Twitter, Fires Half the Employees, Destroys its Revenue Stream, and Stops Paying Creditors.**

15.     In April 2022, multi-billionaire Elon Musk offered to purchase Twitter for $54.20 per share.

16.     Soon after Twitter accepted his offer, Musk changed his mind and attempted to back out of his offer, prompting Twitter to sue him in Delaware. Faced with the impossibility of escaping his promises, Musk relented on the eve of his deposition and agreed to purchase Twitter on the terms in his agreement.

17.     Musk concluded the purchase of Twitter on October 27, 2022.

18.     Musk-owned Twitter immediately laid off half the company's employees and is refusing to pay their full severance. It also forced out hundreds more after they refused to sign loyalty oaths that would have required them to agree to a "hardcore" work environment. And it fired the executive team that had forced him to close on his purchase of Twitter, including most of the

senior legal team, and refused to pay them the compensation it promised.

19. At the same time, Musk became personally involved in Twitter's moderation decisions.

20. The effect of these moderation decisions was to alienate the advertisers who accounted for the bulk of Twitter's revenues, throwing the company into instant financial crisis.

21. On information and belief, Twitter responded with a campaign of extreme belt-tightening that amounted to requiring nearly everyone to whom it owes money to sue.

22. On information and belief, Twitter stopped paying rent on some of its offices and stopped paying several vendors whose services it was still using.

23. Twitter also cancelled many contracts and stopped paying people to whom it owes money.

**C. 2022-2024: Musk-owned Twitter Ignores Syndio's Outstanding Invoices**

24. In 2023 and in 2024 to date, Syndio provided Twitter with access to the same software services as it did in 2022. And it submitted its annual invoices for those services to Twitter on November 3, 2022 (for $129,750, due on January 2, 2023) and November 2, 2023 (for $129,750, due January 2, 2024).

25. Thus, Syndio has provided all the services for which it invoiced Twitter. Syndio did not receive any complaints from Twitter about them, and Twitter never terminated the MSA.

26. Syndio has corresponded about its outstanding invoices with its remaining contacts at the company. They gave no indication that X disputed it owed the amounts on the invoices and offered no justification for not paying.

**FIRST CAUSE OF ACTION**

**(Breach of Written Contract)**

27. Syndio hereby re-alleges the allegations set forth in the paragraphs above.

28. Syndio and Twitter entered into the MSA under which Syndio agreed to provide services to Twitter and Twitter agreed to pay for those services. The MSA's confidentiality provision purports to prohibit Syndio from disclosing its terms. Without disclosing those terms, Syndio's 2022 invoice and its 2023 invoice both are now past due.

29. Syndio did all, or substantially all, of the significant things that the MSA required it to do or was excused from having to do those things.

30. Twitter breached the MSA by failing to timely pay Syndio's invoices.

31. As a direct and proximate result of Twitter's breach of contract, Syndio has suffered damages.

WHEREFORE, Syndio seeks judgment as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Syndio demands judgment on this Complaint and an award of monetary relief against Twitter as follows:

1. compensatory damages in an amount to be determined at trial;
2. costs of suit;
3. awardable pre- and post-judgment interest at the maximum legal rate; and
4. entry of an Order for any further relief as the Court may deem just and proper.

Dated:  April 18, 2024                ETHAN JACOBS LAW CORPORATION

By:  /s/ Ethan Jacobs
ETHAN JACOBS
Attorneys for Plaintiff
Syndio Solutions, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action on any issue triable of right by a jury.

Dated:  April 18, 2024				ETHAN JACOBS LAW CORPORATION


					By:	/s/ Ethan Jacobs
						ETHAN JACOBS
						Attorneys for Plaintiff
						Syndio Solutions, Inc.

COMPLAINT